

445 Park Avenue  P: 646-379-7703
9th Floor  F: 866-839-4306
New York, NY 10022  E: tma@youngandma.com

May 16, 2024

VIA ECF
Honorable Jennifer L. Rochon
United States District Court
   for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    Tepley v. Gro Intelligence, Inc. et al
             24-cv-03075-JLR

Dear Judge Rochon,

     We represent Plaintiff Allison Tepley in the above-referenced matter. Pursuant to Your Honor's Individual Practices, Section 1(F), we respectfully request an extension of time to file a motion to remand, originally due May 22, 2024, to and through June 5, 2024.

     This is the first request for extension due to extenuating motion, deposition, and mediation scheduling and personal circumstances.

     Thank you very much for your consideration of this matter.

                                                                Very truly yours,

                                                                Tiffany Ma

      cc:      Defendants' Counsel (via ECF)

The request is DENIED. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). This deadline is "plainly mandatory." *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005). Thus, the Court treats Section 1447(c)'s 30-day deadline as a mandatory claim-processing rule, which, "[i]f properly invoked . . . must be enforced, but . . . may be waived or forfeited." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017); *see Phoenix Glob. Ventures*, 422 F.3d at 75 (explaining that Section 1447(c) deadline is mandatory but not jurisdictional).

Unless Defendants waive or forfeit their right under Section 1447(c) to a timely remand motion within 30 days of removal, the Court is not at liberty to grant Plaintiff's request for an extension. *See, e.g.*, *Harleysville Worcester Ins. Co. v. Sompo Jap. Ins. Co. of Am.*, 2021 WL 5154130, at *2 (S.D.N.Y. Nov. 5, 2021) (granting extension on motion to remand with defendant's consent); *Radium2 Cap., Inc. v. NDGS, LLC*, 2019 WL 3821755 (W.D.N.Y. Aug. 15, 2019) (defendants waived § 1447(c) right by stipulation); *cf. Pate v. City of Rochester*, 579 F. Supp. 3d 417, 421-23 (W.D.N.Y. 2022) (denying untimely motion to remand and collecting cases). Absent such consent from Defendants, or unless the defect alleged is a lack of subject-matter jurisdiction, Plaintiff shall file her motion to remand by **May 22, 2024.**

Dated: May 16, 2024
       New York, New York

SO ORDERED.

                                                                               **JENNIFER L. ROCHON**
                                                                               **United States District Judge**

www.youngandma.com