UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLISON TEPLEY,<br><br>        Plaintiff,<br><br>-against-<br><br>GRO INTELLIGENCE, INC. and SARA MENKER,<br><br>        Defendants. | Case No. 1:24-cv-03075 (JLR)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Allison Tepley ("Plaintiff") commenced this action in New York state court against Gro Intelligence, Inc. ("Gro") and Sara Menker (together, "Defendants"), alleging, in connection with Plaintiff's prior employment as a marketing executive at Gro, state-law claims for discrimination, retaliation, and a hostile work environment. *See generally* Dkt. 1-3 ("Compl."). Defendants removed this action to federal court. *See* Dkt. 1 ("Rem. Not."). Now pending before the Court is Plaintiff's motion to remand to New York state court. *See* Dkt. 18 ("Br."). For the following reasons, Plaintiff's motion to remand is DENIED.

## BACKGROUND

  Plaintiff previously filed a similar case against Defendants in this District on December 30, 2023 (the "Federal Action"). There, Plaintiff alleged the same state-law claims asserted here as well as federal claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Equal Pay Act. *See* Complaint ¶¶ 58-110, *Tepley v. Gro Intel. Inc.*, No. 23-cv-11314 (DEH) (S.D.N.Y. Dec. 30, 2023), Dkt. 1.

  On April 12, 2024, Plaintiff filed this action alleging only state-law claims in New York Supreme Court. Compl. at 18. That same day, she informed the Federal Action court that she had "elected to re-file" her case in state court. Letter, *Tepley*, No. 23-cv-11314

1

(S.D.N.Y. Apr. 12, 2024), Dkt. 32.[1] She voluntarily dismissed the Federal Action without prejudice on April 19, 2024. Notice of Voluntary Dismissal, *Tepley*, No. 23-cv-11314 (S.D.N.Y. Apr. 19, 2024), Dkt. 34.

On April 22, 2024, before either of them had been served, Defendants removed this action to this Court based on diversity-jurisdiction grounds. Rem. Not. On May 22, 2024, Plaintiff moved to remand the case to state court. Dkt. 18 ("Br."). The motion is briefed. Dkts. 22 ("Opp."), 31 ("Reply").

## DISCUSSION

Generally, any civil suit initiated in state court over which a district court would have had original jurisdiction "may be removed by . . . the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The defendant, as the party seeking removal and asserting federal jurisdiction, bears the burden of demonstrating that the district court has original jurisdiction." *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017); *see Backer v. Cooperatieve Rabobank U.A.*, 338 F. Supp. 3d 222, 231 (S.D.N.Y. 2018) ("The party seeking to preserve removal has the burden of proving that subject matter jurisdiction exists." (citation omitted)).

Section 1441 permits removal based on federal-question jurisdiction or diversity jurisdiction. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998). For diversity jurisdiction to exist, there must be complete diversity of citizenship between the plaintiffs and the defendants, and the amount in controversy must exceed $75,000. *See* 28 U.S.C.

---

[1] After filing suit in state court on April 12, Plaintiff filed a corrected complaint on April 15, 2024. Rem. Not. ¶ 7. She emailed a copy of the corrected complaint and summons to Defendants' counsel on April 18, 2024. *Id.* ¶ 8; *see* Dkt. 1-4.

2

§ 1332(a); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014). For purposes of diversity jurisdiction, an individual's citizenship "is determined by his domicile," which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) (citation omitted). "[T]he relevant domicile is the parties' domicile at the time the complaint was filed." *Id.* Corporations like Gro are citizens of both their state of incorporation and their principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (corporation's "principal place of business" is its "nerve center," which "should normally be the place where the corporation maintains its headquarters").

"[W]here, as here, the only basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, the forum defendant rule applies." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019) (quotation marks and citation omitted). Under that rule, a suit that is "otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

In addressing Plaintiff's motion to remand, the Court considers whether this case is removable due to diversity of citizenship between the parties and, if so, whether the forum-defendant rule blocks removal of the case.

I. **Diversity of the Parties**

Here, the sole issue under 28 U.S.C. § 1332 is Plaintiff's citizenship. The parties agree that Defendants are citizens of New York and Delaware. *See* Compl. ¶¶ 12 (Gro is a corporation incorporated in Delaware and headquartered in New York), 13 ("Menker is an individual residing in New York"); *accord* Dkts. 1-5 ¶ 3 (Gro), 1-6 ¶ 2 (Menker). They also

3

do not dispute that the amount in controversy exceeds $75,000.  *See* Compl. ¶¶ 17, 47, 59-60, 79, 85 (alleging that Plaintiff was paid $285,000 per year and entitled to a $45,000 bonus before her termination; seeking back pay, front pay, lost benefits, compensatory damages for emotional and physical injury, and treble damages for wages due under New York law); *accord* Rem. Not. ¶¶ 19-26. They dispute, however, whether Plaintiff was domiciled in New York when she filed her complaint.  *Compare* Compl. ¶ 11, *with* Opp. at 5.

The Court holds that, for the purposes of diversity jurisdiction, Plaintiff is a citizen of Tennessee.  According to her complaint, Plaintiff lived in New York until September 2021, when she moved to Tennessee and thereafter "traveled back to New York to work in the office every 4-6 weeks."  Compl. ¶ 11 ("Plaintiff worked in New York in the end of September 2021, December 2021, March 2022, August 2022 and September 2022.").  The record also suggests that, shortly before her September 2021 move, Plaintiff purchased a home with her partner in Nashville in June 2021.  *See* Dkt. 23-1.  Under these circumstances, Plaintiff cannot claim New York citizenship.  *See, e.g.*, *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 100 (E.D.N.Y. 2019) (plaintiff not domiciled in Vermont where his work for Vermont company "was often done outside that state"); *Reviakine v. Mednikov*, No. 15-cv-00227 (KAM), 2016 WL 8711206, at *3 (E.D.N.Y. Apr. 29, 2016) (plaintiff domiciled in Pennsylvania, where he owned a home and lived with his family, despite regular business trips to New York); *Sadesky v. Liberty Chevrolet, Inc.*, No. 04-cv-01894 (KMK), 2005 WL 1026326, at *3 (S.D.N.Y. May 3, 2005) (party domiciled in New Jersey; his workweek residence and other connections to New York were a necessary accommodation for his employment).  Nor does she attempt to argue otherwise.  *See generally* Reply.  Therefore, the Court concludes that it has diversity jurisdiction over this case.

## II. Forum-Defendant Rule

Next, the Court turns to the effect of the forum-defendant rule on the removability of this case. Although Defendants are home-state citizens of New York to which the rule would otherwise apply, Defendants removed the case on April 22, 2024, before either of them had been served. *See* Br. at 6 (Plaintiff stating in her brief in support of her remand motion that "Gro was served in New York on April 29, 2024," and that "Menker is still in the process of being served"). Because neither home-state defendant had been "properly joined and served" at the time of removal, the Second Circuit has held that the forum-defendant rule under 28 U.S.C. § 1441(b)(2) "is no barrier to the removal of" this case. *Gibbons*, 919 F.3d at 705 ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.").

Given the Second Circuit's holding in *Gibbons*, Plaintiff's arguments against removal are unconvincing. Plaintiff cites a string of out-of-Circuit cases, many of which are no longer good law in their own circuits. For example, Plaintiff cites five cases from the Third Circuit, which subsequently held, consistent with the Second Circuit, that a so-called "snap removal" to federal court by a home-state defendant prior to service is permitted. *Compare Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (removal statute's text is "unambiguous" and "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served"), *with* Br. at 3-4 (citing *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 410 (E.D. Pa. 2009); *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 647 (D.N.J. 2008); *Brown v. Organon Int'l, Inc.*, Nos. 07-cv-03092 et al., 2008 WL 2833294, at *5 (D.N.J. July 21, 2008); *DeAngelo-Shuayto v. Organon USA Inc.*, No. 07-cv-02923, 2007 WL 4365311, at *3 (D.N.J. Dec. 12,

2007); *Castner v. Exxon Co., U.S.A.*, 563 F. Supp. 684, 687 (E.D. Pa. 1983)). Plaintiff cites other cases from the Ninth Circuit, which has "not decided the permissibility of snap removal" and whose district courts "are divided on the matter." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 n.17 (9th Cir. 2024); *see* Br. at 4 (citing *Ibarra v. Protective Life Ins. Co.*, No. 09-cv-00049, 2009 WL 1651292, at *3 (D. Ariz. June 12, 2009); *Standing v. Watson Pharms., Inc.*, No. 09-cv-00527, 2009 WL 842211, at *4 (C.D. Cal. Mar. 26, 2009)). Regardless, this Court is bound by the Second Circuit's decision in *Gibbons*.

The few cases cited by Plaintiff from this Circuit pre-date *Gibbons*, which "resolv[ed] th[e] split among district courts" in favor of permitting snap removal. 919 F.3d at 705; *see* Br. at 3-6 (citing *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003); *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F. Supp. 1274, 1276-77 (S.D.N.Y. 1984); and Hearing Tr. at 8:8-14, *Bayerische Landesbank, N.Y. Branch v. Bear Stearns & Co.*, No. 12-cv-02804 (LAK) (S.D.N.Y. July 16, 2012), Dkt. 19). Indeed, courts in this Circuit since *Gibbons* have denied remand where the home-state defendant had not yet been served in accordance with state law. *See, e.g.*, *Beter v. Baughman*, No. 24-cv-00079 (GHW) (RFT), 2024 WL 1333570, at *6-8 (S.D.N.Y. Mar. 13, 2024), *report and recommendation adopted*, 2024 WL 1329066 (S.D.N.Y. Mar. 28, 2024); *C.Q. v. Est. of Rockefeller*, No. 20-cv-02205 (VSB), 2020 WL 5658702, at *2 (S.D.N.Y. Sept. 23, 2020).

Plaintiff also argues that "diversity jurisdiction's basic rationale, namely, opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties" does not apply here where both Defendants are citizens of New York. Br. at 4 (quoting *Hertz*, 559 U.S. at 85). *Hertz*, however, concerned the test for determining a corporation's state of citizenship, not the forum-defendant rule. *See* 559 U.S. at 92-93. In any event, as the Second Circuit has advised, "while it might seem anomalous to permit a

defendant sued in its home state to remove a diversity action, the language of the statute cannot be simply brushed aside." *Gibbons*, 919 F.3d at 706.

Plaintiff also argues that snap removal is inappropriate here where Defendants had actual notice of her state-court complaint. *See* Reply at 1-2. She notes that when she informed the Federal Action court of her intent to refile her case in state court, she attached a copy of her state-court complaint. *See id.* at 1 (citing Summons & Complaint, *Tepley*, No. 23-cv-11314 (S.D.N.Y. Apr. 12, 2024), Dkt. 32-1). She adds that Defendants' counsel received an automatic notification of this filing on the Court's Case Management/Electronic Case Files system. *See id.* However, Plaintiff does not suggest that this transmission amounted to service on Defendants in accordance with New York law. Instead, she argues that allowing snap removal here would produce an absurd result. *See id.* at 2. But the Court cannot depart from the plain meaning of Section 1441(b)(2), and binding Second Circuit precedent, even where it might appear that Defendants' lack of service is a formality. As the Second Circuit noted in *Gibbons*, "Congress may well have adopted the 'properly joined and served' requirement in an attempt to . . . provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant. Absurdity, then, cannot justify a departure from the plain text of the statute." 919 F.3d at 706 (citation omitted).

Finally, Plaintiff suggests that the Federal Action court "presume[d that] it's the Plaintiff's right to file her case in the forum of her preference." Br. at 7. Yet that court directed Plaintiff only to "file a notice of voluntary dismissal, amended complaint, or opposition to Defendants' motion to dismiss" by April 12, 2024. Dkt. 18-1 at 2. The court expressed no view as to whether diversity jurisdiction existed in this case or as to whether Plaintiff's future state action would ultimately be removable to federal court.

7

## CONCLUSION

Because the plain text of Section 1441(b)(2) allowed Defendants – as home-state defendants who had not yet been served – to remove this state-court action on diversity-jurisdiction grounds, and because the Second Circuit in *Gibbons* addressed most, if not all, of the arguments raised by Plaintiff, the Court DENIES Plaintiff's motion to remand.

On May 29, 2024, the Court ordered the parties to participate in a mediation session within 30 days of its decision on the motion to remand. Dkt. 19. Because the Court has granted, by separate order, defense counsel's motion to withdraw, this deadline for mediation is extended until 30 days after new counsel files a notice of appearance. Similarly, on May 31, 2024, the Court ordered Plaintiff to respond to Defendants' motions to dismiss (Dkts. 10, 14) within 14 days of its decision on the motion to remand. Dkt. 21. Given that Gro will be securing new counsel, the briefing deadlines to respond to Defendants' motion to dismiss (and subsequent deadlines to reply) shall be extended. Plaintiff shall respond to the motions to dismiss within 14 days of the date on which new defense counsel for Gro files a notice of appearance. Defendants shall file their replies 7 days later.[2]

Dated: June 27, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

[2] Plaintiff asks the Court to reassign this case to Judge Ho, who presided over the Federal Action. *See* Br. at 10 ("Even if the case were to remain in federal court, it should be returned to its original federal judge."). The Court denies this request. There is no basis to transfer this case to Judge Ho, given that no pending related case is before him.